ROBERT A. CHAISSON, Judge.
| ¡.The Louisiana Patient’s Compensation Fund and its Oversight Board (PCF) appeal from a summary judgment in this medical malpractice case in favor of Curtis Pitre, the surviving spouse of Danielle Pi-tre, who died during a C-Section birth procedure. For the following reasons, we vacate that judgment and remand the matter to the district court for further proceedings.
FACTS AND PROCEDURAL HISTORY
The facts of this case, as summarized in the PCF brief, are for the most part undisputed. On the morning of September 7, 2000, Mrs. Pitre was admitted to the hospital for a planned caesarian section under the care of Dr. Richard Marino. The procedure was uneventful, and at 12:35 p.m. the Pitres’ son was born. At 5:20 p.m., Mrs. Pitre was taken from the labor room to the post-partum room. Several hours later, at 8:20 p.m., she complained of difficulty breathing. A nurse immediately went in to check on her and found her in respiratory distress and |3wheezing. Other hospital staff responded immediately, and by 8:30 p.m., Dr. Jose Olivia, the duty doctor, appeared and ordered a Lasix IV, morphine, and a chest X-ray. Dr. Marino arrived soon thereafter, and Mrs. Pitre was started on oxygen. Further efforts were made on her behalf, but unfortunately, she died at 9:37 p.m.
*1188 In August of 2001, Mr. Pitre commenced the present action individually and on behalf of his two minor children. Years of litigation resulted in an eventual settlement with Dr. Marino and his insurer for $100,000, which was approved by the court. On February 20, 2013, Mr. Pitre added the Louisiana Patient’s Compensation Fund as a defendant, seeking damages of an additional $400,000, the statutory cap. Five weeks later, on April 1, 2013, Mr. Pitre filed a motion for summary judgment.
In support of this motion, Mr. Pitre attached the report of the medical review panel (which exonerated all defendants), a list of alleged undisputed facts, and a statement of legal principles. One of the alleged facts is that Mr. Pitre’s expert, Dr. Michael Cardwell, offered an opinion in deposition that Dr. Marino’s negligence caused Mrs. Pitre’s death. Dr. Cardwell’s deposition was not included with the memorandum.
Mr. Pitre’s argument in the motion for summary judgment was that because Dr. Marino’s settlement was an admission that his treatment fell below the standard of care, and because Mrs. Pitre died, then the admitted negligence was the cause of her death. The trial judge subscribed to this argument and ruled that Mr. Pitre was, without any additional evidence, entitled to damages of $400,000 against the PCF. The judgment was designated as appealable pursuant to La. C.C.P. art. 1915(B)(1), and this appeal followed.
J4DISCUSSION
The PCF concedes here that there is no other health care provider implicated in this case, nor is there any claim of comparative fault on Mrs. Pitre’s part. The issue before us, as recognized by all parties, is whether an admission of negligence with payment of $100,000 in damages by a health care provider absolves a plaintiff from the burden of proving that damages in excess of $100,000 were caused by the admitted negligence. Clearly, it does not.
The above question was addressed in Graham v. Willis-Knighton Medical Center, 97-188 (La.9/9/97), 699 So.2d 365, rehearing denied, 699 So.2d 1089 (La.10/10/97). There, the Court held directly that:
We now conclude that the legislative intent of “liability” in Section 1299.44(C)(5) was that the payment of $100,000 in settlement establishes proof of liability for the malpractice and for damages of at least $100,000 resulting from the malpractice, which is a very significant benefit to the medical malpractice victim. However, at the trial against the [Patient Compensation] Fund, the plaintiff has the burden of proving that the admitted malpractice caused damages in excess of $100,000. (Id. at 372)
That holding was reaffirmed more recently in Hall v. Brookshire Bros., Ltd., 02-2404 (La.6/27/03), 848 So.2d 559.
The present appeal involves a summary judgment. That procedure is set forth in La. C.C.P. art. 966(B)(2), which provides, in pertinent part, that:
The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law.” (emphasis added)
Section (F)(2) of that article also provides that “[o]nly evidence admitted for purposes of the motion for summary judgment may be considered by the court in its ruling on the motion.” La. C.C.P. article 967 further provides that affidavits of |5experts must set forth their opinions *1189 based on facts which would be admissible under the Louisiana Code of Evidence.
Mr. Pitre focuses his argument on the contention that reasonable minds could not differ in concluding that the wrongful death of a young wife with two small children is clearly worth more than $500,000. However, before addressing the value of a particular injury, the burden is on Mr. Pitre to establish by competent evidence that the particular injury (in this case, Mrs. Pitre’s death), was caused by the admitted negligence of Dr. Marino. While Dr. Marino’s settlement with Mr. Pitre establishes that he was negligent, and that his negligence caused some injury to Mrs. Pitre up to the value of $100,000, the settlement, standing alone, does not establish that the particular injury that he caused was her death. In the absence of competent evidence to establish a causal link between Dr. Marino’s admitted negligence and Mrs. Pitre’s death, the value of Mrs. Pitre’s death is immaterial.
To be entitled to summary judgment, Mr. Pitre therefore had to show by way of competent evidence submitted for purposes of the summary judgment, that there was no genuine question that the malpractice admitted to by Dr. Marino caused an injury to Mrs. Pitre, whether it be her death or some other injury, that is valued in excess of $100,000. Mr. Pitre faded to introduce any evidence to establish this causal link. The only assertion bearing on this point in the motion for summary judgment is an unsupported statement by Mr. Pitre’s attorney, in a document styled “Statement of Facts which Are Not Genuinely in Dispute — Uncontested Facts,” that “Board Certified OBGYN physician, Dr. Michael Cardwell testified via deposition in this case. He opined that Dr. Marino’s negligence caused Mrs. Pitre’s death.” For reasons not of record, Mr. Pitre did not offer that deposition testimony to the court in conjunction with the motion, and therefore that alleged opinion could not be considered by the court pursuant to La. C.C.P. art. 966(F)(2). ^Because there was no other evidence to establish that the admitted malpractice was the cause of Mrs. Pi-tre’s death, or was otherwise the cause of any damages in excess of $100,000, as required by Graham, the motion for summary judgment was improperly granted.
CONCLUSION
For the foregoing reasons, the summary judgment in favor of Curtis Pitre, et al, and against the Louisiana Patient Compensation Fund and its Oversight Board, is hereby vacated. The matter is remanded to the district court for further proceedings consistent with this opinion.

REVERSED AND REMANDED.